**Michael B. COTTER, Plaintiff,**

v.

**Henry HELMER, in his individual capacity only; Local 1–2, Utility Workers Union of America, AFL–CIO; and James Dugard, in his individual capacity only, Defendants.**

**No. 88 Civ. 5710 (PKL).**

United States District Court, S.D. New York.

Aug. 24, 1988.

Arthur Schwartz, Clifton & Schwartz, New York City, for plaintiff.

Kevin G. Jenkins, New York City, for defendants.

SUPPLEMENTAL INJUNCTIVE ORDER

CONBOY, District Judge.

This Court has required the Defendant Union, by Order Dated August 22, 1988, 692 F.Supp. 313, to "supply its current membership mailing list to the commercial mailer which it uses regularly by no later than 5 P.M. on August 24, 1988 and to direct that mailer to prepare Plaintiff's mail for mailing at its normal rates and deliver said mailing to the appropriate postal facility without delay." On August 23, 1988 the Parties appeared and informed the Court of a disagreement concerning rates associated with the mailing function charged by the Union's Mailer in dissemination of Union mailings to the membership. The Union's counsel represented that

**320**

by noon today he would provide Plaintiff's counsel with the name of the Union Mailer, and the union's routine cost associated with mailings.

The Court is now advised by Union Counsel that the Union is unable to provide the unit rates in question. The Court is not persuaded that the Union has properly carried out its responsibilities under the Order. See minutes of hearing conducted this date.

Accordingly, the Union is mandatorily enjoined to deliver by 2 P.M., August 25, 1988 a copy of the current Union membership mailing list to Plaintiff's designated mailer, East River Mailers, 20 Jay St., Brooklyn, New York, attention Jim Jennings. Plaintiff's counsel has represented that neither he nor Plaintiff will examine or copy the list. See minutes, *supra*. The Court is therefore satisfied that the confidentiality in the list sought to be protected by the Union will not be compromised.

The parties are advised that in the event that the Union further impedes the orders of this Court, it will entertain, among other possible sanctions and remedies, an application by the Plaintiff to postpone the date of the September membership vote on removal of Plaintiff.

SO ORDERED.